IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CRYSTAL SNOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19CV357 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| QUAD PACKAGING, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Alleging that Defendant discriminated against her by failing to accommodate her disability and by imposing unequal terms and conditions of employment on the basis of her race, gender, and mental and physical disabilities, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117 ("ADA"); and the Nebraska Fair Employment Practice Act, §§ 48-1101 to 48-1125 ("NFEPA"). (Filing No. 1 at CM/ECF p. 4.)

Plaintiff claims she is a black female with a disability that causes her to use the bathroom frequently. Plaintiff alleges that while she was employed by Defendant, a non-black female coworker with no known disabilities accused Plaintiff—because she is black—of returning late from breaks, after which Plaintiff and the co-worker "had to the separated by coworkers"; a black male employee with no known disabilities asked her, "What that mouth do?" and Defendant took no action after Plaintiff complained about this comment; and Plaintiff's non-black team leader, who has no

known disabilities, accused Plaintiff of "going to the bathroom every five minutes," after which Plaintiff "left" (her employment, presumably) when the team leader told her, "if I didn't like him yelling at me, that I could leave." Plaintiff claims her work performance was excellent throughout her employment. (Filing No. 1 at CM/ECF p. 8.)

Plaintiff alleges that she received her right-to-sue notice from the U.S. Equal Employment Opportunity Commission ("EEOC") on May 19, 2019, but she did not file her lawsuit in this court until 94 days later, on August 21, 2019. (Filing No. 1 at CM/ECF p. 7.) She claims she was unable to file her lawsuit within 90 days because she "went to the doctor last week, [and] was scheduled for a minute surgery and was unable to make it before my 90 days were up. I'm still in a great deal of pain and I pray that my case will still be submitted." (Filing No. 1 at CM/ECF p. 7.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Title VII, the ADA, and the NFEPA all require that suit be filed within 90 days of a plaintiff's EEOC/NEOC Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a)(ADA); Neb. Rev. Stat. § 48-1120.01 (Westlaw 2019). Because this 90-day limitation period is not jurisdictional, it is subject to equitable tolling. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989). However, "[c]ourts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff," as when "notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction." *Id*. at 1124 n.2; *see also Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands."); *Birge v. Nebraska Med.*, No. 8:16CV551, 2017 WL 773525, at *2 (D. Neb. Feb. 27, 2017) (90-day limitations period is subject to equitable tolling only if circumstances causing failure to timely file lawsuit are out of plaintiff's hands; equitable tolling did not apply when plaintiff was aware of approaching filing deadline and chose to pursue another avenue of relief first).

Here, Plaintiff's alleged doctor's appointment and minor surgery that occurred a few days before the filing deadline are insufficient to establish the applicability of equitable tolling. She admits receiving her right-to-sue notice; she was clearly aware of the 90-day deadline; she does not allege that she was lulled into inaction by the Defendant, the government, or the court; and she had at least 80 days before her medical appointment in which to file her lawsuit. "One who fails to act diligently

cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (nothing supported applying doctrine of equitable tolling to plaintiff who failed to file lawsuit within 90 days of EEOC's right-to-sue letter). In these circumstances, Plaintiff is not entitled to equitable tolling, making her lawsuit untimely. *Hohn v. BNSF Railway*, 707 F.3d 995, 1000-01 (8th Cir. 2013) (claim filed more than 90 days after an NEOC determination should have been dismissed); *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004) (affirming dismissal of Title VII and ADA claims as time-barred when plaintiff claimed she did not read right-to-sue letter until two weeks after it arrived); *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1054 (8th Cir. 2002) (affirming dismissal of Title VII claims as untimely because they were filed more than 90 days after issuance of right-to-sue letter); *Clark v. Residents' Journal*, 2003 WL 21518553 (N.D. Ill. 2003) (unreported) (pro se plaintiff did not plead exceptional circumstances required to justify equitable tolling of 90-day deadline for filing Title VII suit following receipt of right-to-sue letter from EEOC by claiming illness on the 89th and 90th days of the limitations period; "Plaintiff could have filed her complaint prior to her illness or made arrangements to file on the days she was ill.").

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed with prejudice as time-barred, and judgment will be entered by separate document.

DATED this 9th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge